# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

**SYNCHRONY BANK,**

        **Plaintiff,**

v.                                                                                Case No. SA-20-MC-0272-JKP

**FREDERICK SILVER,**[1]

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

The Court has under consideration a *Request and Order to File New Litigation by Vexatious Litigant in District Court* (ECF No. 1); *Plaintiff's Response to Vexatious Litigant's Request* (ECF No. 3); *Objections, Response and Request* (ECF No. 5); *Response to Vexatious Litigant's Objections, Response and Request* (ECF No. 6); and *Second Objections, Response and Request* (ECF No. 7). In his two-page request, which the Court liberally construes as a motion, Frederick Omoyuma Silver ("Silver") explains that the Court previously deemed him a vexatious litigant and he thus must obtain judicial approval before filing new litigation without representation from an attorney. Request at 1. He has attached a copy of a Notice of Removal he seeks to file on grounds that the Fair Debt Collection Practices Act ("FDCPA") provides for federal jurisdiction and the removal of the state action to this Court.

Through counsel, Synchrony Bank ("the Bank"), the plaintiff in the state action sought to be removed by Silver, states that it brought suit against Silver in Texas state court on a single, state-law cause of action. *See* ECF No. 3 ¶ 2. Silver's response to the state petition included counterclaims under the FDCPA. *See id.* ¶ 4. The Bank recognizes that Silver has a prefiling injunction imposed against him through a federal order. *See id.* ¶ 6. It also notes that a Travis County judge

---

[1] This is the caption utilized by the movant.

has imposed a similar restriction for state court filings and Silver's name appears on a list of Vexatious Litigants Subject to Prefiling Orders maintained by the Office of Court Administration. *See id.* ¶ 6 n.1 (citing www.txcourts.gov/judicial-data/vexatious-litigants/). It urges the Court to deny the request for leave to remove the state court proceeding because no federal jurisdiction exists, and federal counterclaims provide no basis for removal. *See id.* ¶¶ 7-8. Because Silver's improper request to remove has stymied the state action, the Bank asks that it be awarded reasonable attorney fees in connection with preparing its federal response to the request. *See id.* ¶ 10.

Silver filed objections to the Bank's response. *See* ECF No. 4. But rather than object to the factual content or legal premises set out by the Bank, Silver attacks counsel for the Bank and demands proof that the attorney is authorized to act as counsel for the Bank. *See id.* ¶¶ 1-2. He also frivolously contends that the mere communication with him through interstate communications is sufficient to bestow federal jurisdiction over this matter. *See id.* ¶ 3. Additionally, he states without support that it appears that counsel for the Bank "is attempting to commit fraud upon this Court." *See id.* ¶ 5.

Silver's objections prompted a second response from the Bank (ECF No. 6), which led to additional objections by Silver (ECF No. 7). The Bank responds to the various attacks on its counsel and requests that the Court deny Silver's motion for leave to file and sanction him for his frivolous filings in this case, including its reasonable attorneys' fees incurred in responding to his frivolous filings. Silver's additional objections add nothing of substance to this case.

Whether to grant the requested leave is a matter within the Court's sound discretion. Upon review of the proposed Notice of Removal and exercising such discretion, the Court denies the requested leave for the reasons stated herein.

In a contemporaneous Memorandum Opinion and Order in Case No. 19-MC-1490-JKP, the Court has thoroughly set out the sanction and pertinent litigation history as well as the

applicable standard of review. This case presents no reason to do so again. But a brief summary is warranted.

On April 18, 2019, the Honorable District Judge Xavier Rodriguez of this Court accepted a recommendation that the Court dismiss the then pending action filed by Silver as frivolous, deem Silver a vexatious litigant, and impose sanctions. *See Silver v. Bemporad*, No. SA-19-CV-0284-XR, 2019 WL 1724047, at *1-4 (W.D. Tex. Apr. 18, 2019), *appeal dismissed*, No. 19-50339 (5th Cir. July 15, 2019). Upon accepting the recommendations, the District Court issued the following orders:

> Plaintiff is further **ENJOINED from filing any civil lawsuit in the San Antonio Division of the United States District Court for the Western District of Texas unless he first seeks leave and obtains permission from a district judge in this district.** Before filing any new lawsuit in this district and division, Silver must file a motion for leave to file the action, along with a proposed complaint, which motion shall be randomly assigned to a Judge in the division for disposition. The Clerk is instructed to not accept any new lawsuit filed by Silver in this division unless and until such motion is filed and granted.
>
> Because Silver has other pending litigation in this Court and may have future cases removed to this Court, he is also **WARNED that further frivolous filings or motions in those pending cases or any future filed or removed case may also result in the imposition of monetary sanctions.**

*Id.* at *4.

Five days after the Court imposed those sanctions, a defendant in a state action filed by Silver sought to remove that action. *See Silver v. Toyota Motor Mfg., Tex., Inc.*, No. 5:19-CV-0422-XR (W.D. Tex. filed Apr. 23, 2019). Although Judge Rodriguez had just sanctioned Silver, the removal of that case prompted no discussion of the sanctions when the Court granted Silver's motion to remand. *See id.* (ECF No. 10, order granting remand). While this omission could perhaps be explained by Silver commencing the state action prior to the federal sanction order, another explanation is that the Court did not equate removal of a state action with filing a civil lawsuit in the San Antonio Division. Of course, this latter interpretation does lend itself to abuse by a

3

vexatious litigant. A third – and perhaps the most viable – explanation is that the Court saw no need to address the sanction order because the defendant had improperly removed the state action even though the defendant had an objectively reasonable basis for doing so.

Regardless of what transpired in that prior removal action, it is difficult to construe the prefiling injunction to require Silver to seek approval before removing a state action commenced against him. The purpose of the prefiling injunction is to sanction Silver and to deter his commencement of improper actions, not to prevent the removal of a commenced state action against him. Whether or not a state action is properly removed, the existing federal prefiling injunction does not require judicial approval before Silver files a notice of removal. It should go without saying, however, that if the receiving federal court finds a removal frivolous or otherwise improper, such removal may result in that court imposing additional sanctions on Silver, including monetary sanctions paid to the court or opposing parties and additional restrictions on filing in federal courts.

Because the Court finds the prefiling injunction – as it currently reads – inapplicable to filing a notice of removal, the Court finds Silver's motion for leave unnecessary and thus denies it on that basis. Furthermore, the Court would deny leave even if it were to construe the injunction as requiring leave of court before Silver removed a state action to federal court. As pointed out by the Bank, the filed state action presents no basis to properly remove it to federal court. Silver has no good faith basis to use a federal counterclaim to remove a state action to federal court. Supreme Court precedent unquestionably precludes it. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The Bank, furthermore, simply pursues a state cause of action for monetary damages well below the $75,000 threshold for federal jurisdiction on the basis of diversity jurisdiction.

Whether the injunction required Silver to seek leave to file his notice of removal does not matter as it pertains to imposition of additional sanctions. His frivolous motion disrupted state

proceedings and would have done so even had he not sought leave and simply filed the notice of removal. Given the frivolousness of his positions for removal, the Court finds that he has again engaged in sanctionable conduct. Because Silver has been previously warned that the Court may impose monetary sanctions for future frivolous motions or actions, *see Silver v. City of San Antonio*, 799 F. App'x 254, 255 (5th Cir. 2020) (per curiam); *Silver v. Bexar Cty. Sheriff's Office*, 800 F. App'x 265, 266 (5th Cir. 2020) (per curiam); *Silver v. Bemporad*, No. SA-19-CV-00284-XR, 2019 WL 1724047, at *4 (W.D. Tex. Apr. 18, 2019), the Court orders him to show cause why the Court should not order him to pay Synchrony Bank all or part of the reasonable attorney fees incurred in filing its responses in this action as a sanction for the improper attempt to remove the action to this Court.

For the foregoing reasons, the Court **DENIES** the *Request and Order to File New Litigation by Vexatious Litigant in District Court* (ECF No. 1). In addition, to limit unnecessary and unwanted filings in this action, the Court sets a strict briefing schedule for Silver to show cause as directed herein. If Synchrony Bank deems it warranted, it may submit requested attorney fees with appropriate documentation **on or before July 14, 2020**. Silver shall show cause **on or before July 21, 2020**, as directed, and respond to the amount of fees sought. No other filings are requested or warranted. Until the Court issues an order on the show cause order, Silver is prohibited from making any other filing in this action. **The Court instructs the Clerk of Court to mail this Memorandum Opinion and Order to Silver via certified mail, return receipt requested.**

SIGNED this 7th day of July 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE